## Beaver v. Beaver

*Jay L. Benedict, Jr.*, District Attorney, for petitioner.

*George S. Black*, for defendant.

DEPUY, P. J., March 11, 1960.—On October 21, 1959, there was docketed in this court the complaint for support bearing the above caption. From the complaint it appears that suit was brought under The Pennsylvania Civil Procedural Support Law of July 13, 1953, P. L. 431, 62 PS §2043.31 et seq., in the Court of Quarter Sessions of Washington County, to no. 25, November term, 1959, on the complaint of Alberta Beaver on behalf of her father, William Bruce Beaver, residing at Donora, Washington County.

The complaint recites that defendant, Bruce V. Beaver, is a child of William Bruce Beaver, 88 years of age, that the latter is an indigent person, that defendant should contribute $5 a week toward his support and that the said father has resided with his daughter, Alverta Beaver, for many years without his sons having contributed anything towards his

support. The complaint, seeking an order of support in reasonable amount, was sworn before the clerk of courts in Washington County on September 11, 1959.

Annexed to the complaint is a page headed "Testimony of Plaintiff" containing some 15 printed questions. To each is appended by typewriter a response and at the end appears the signature of "Alverta Beaver" and an affidavit dated September 11, 1959, over the signature of the clerk of courts. We don't know whether the answers to these questions occurred in open court at a hearing held pursuant to the complaint or whether the answers were merely filled out in the clerk's office. At several places in the caption of papers the style "Alverta Beaver o/b/o William Bruce Beaver" occurs. This abbreviation we assume stands for "on behalf of", though we have no means of knowing and do not find the same in any legal dictionary. Counsel for defendant claims ignorance of such abracadabra and asserts it is unknown to the law.

The complaint, upon being received in this court, was set down for hearing to be held November 6, 1959. The sheriff was directed to serve a copy of the proceedings and the text of the order fixing the time and place of hearing upon Bruce V. Beaver. The papers were so served on October 27, 1959, at defendant's place of employment in Chambersburg.

At the time set for hearing defendant's counsel filed his motion seeking dismissal of the complaint on three grounds which we summarize:

1. The complaint and proceedings are not in accordance with the Act of July 13, 1953, in that the certificate of the initiating court is not substantially in the language of the statute.

2. The face of the complaint does not disclose who is complainant, whether Alberta Beaver, Alverta Beaver or William Bruce Beaver.

3. The proceedings nowhere require notice of hearing to be served upon complainant. Defendant has a right to face complainant at a hearing, to cross-examine him or her and cannot be required to testify in response to the complaint until complainant and his or her witnesses have first testified in this court.

Upon consideration of the motion the case was continued here to permit study by the district attorney of the objections raised. Following an election the present district attorney has now requested the court to dispose of the motion.

Though the spirit of our law no longer permits the appeal to refinements of language that once characterized civil and criminal proceedings, it is necessary for statutes, especially on the criminal side of the court, to be followed with reasonable closeness. If the language of section 12 of the Act of 1953, 62 PS §2043.42, is not required absolutely to be followed in haec verba, a close approximation of this language seems to us essential, in the face of the objection raised by defense counsel.

A careful reading of the mimeographed form annexed to the complaint under the heading "Certificate of Judge" does not appear to set forth the particular allegations required under the paragraph just cited. In the words of defendant's motion: "there is no certificate that the complaint sets forth facts from which it may be determined that the defendant owes a duty of support and that the responding county may obtain jurisdiction of defendant or his property".

The statute appears to require that the court of the

initiating county make a *finding* that the complaint sets forth facts from which it *may be* determined that: (1) Defendant owes a duty of support; (2) the court of the responding county may obtain jurisdiction of defendant or his property. Though the mimeographed certificate before us sets forth a number of averments, we are obliged to concede the argument of defense counsel that the averments required by the statute are not present.

In addition, we cannot determine whether a hearing was held in Washington County and whether the averments of the certificate are "Findings" based on the complaint or are based on the complaint plus evidence taken at a hearing.

We do not reach the question of deciding what the fair intent is of this statute as to the necessity, at the initiating county, of taking evidence in open court in support of a complaint nor do we now rule on defendant's objection that we, as the receiving court, cannot lawfully require defendant to appear to testify or to answer the complaint, unless complainant is equally required to be present and testify in our court. It is true, as argued by defendant, that The Pennsylvania Civil Procedural Support Law of 1953 nowhere sets forth what, if any, duty is placed upon complainant with regard to attending a hearing at the responding county nor is there any paragraph describing the characteristics of the hearing to be held at the latter court.

On the basis of defendant's first ground we must dismiss the complaint. We must concede too that the initials o/b/o are of unknown import in this county.

Now, March 11, 1960, defendant's motion to dismiss is granted. Costs are placed on the County of Franklin.